UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER SADOWSKI,

|  | Docket No. _____ |

Plaintiff,

- against -                                      JURY TRIAL DEMANDED

PAPER COMMUNICATIONS, INC.

Defendant.

---

## COMPLAINT

Plaintiff Christopher Sadowski ("Sadowski" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Paper Communications, Inc. ("Paper" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1.      This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of New York singer and songwriter Azealia Banks owned and registered by Sadowski, a New York City based photojournalist. Accordingly, Sadowski seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq.*

### JURISDICTION AND VENUE

2.      This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendant because Defendant resides in and/or are doing business in New York.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Sadowski is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 46 Viola Avenue, Clifton, NJ 07011. Sadowski's work has been published in publications such as the New York Post, The Star-Ledger, The Daily Mail Online, The Herald News, Newsday, Newsweek Magazine, People Magazine, The Associated Press, USA Today, NBC News, MSNBC among others.

6.      Upon information and belief, Paper is a corporation duly organized and existing under the laws of the State of New York, with a principal place of business at 15 East 32nd Street, 11th Floor, New York, NY 10016. At all times material hereto, Paper has owned and operated and continues to own and operate a website at the URL: www.PaperMag.com (the "Website").

## STATEMENT OF FACTS

### A.      Background and Plaintiff's Ownership of the Photograph

7.      On or about December 15, 2015 singer Azealia Banks was arrested outside a dance club in New York City after she shouted and punched a security guard. She was brought to the Sixth Precinct and then arraigned and then released on her own recognizance. The incident was not only heavily covered by the press in New York but it also gained national attention.

8.      On or about December 15, 2015, Sadowski photographed Azealia Banks being arrested and then coming out of the Precinct the night of the altercation. A true and correct copy of said photograph (the "Photograph") is attached hereto as Exhibit A.

9.      Sadowski then licensed the Photograph to the New York Post. On December 16th, 2015 the New York Post ran an exclusive article that featured the Photograph entitled *'Boob-biting' Azealia Banks arrested.* See http://pagesix.com/2015/12/16/boob-biting-azealia-banks-

arrested/ (last visited April 11, 2016). Sadowski's name was featured in a gutter credit identifying him as the photographer of the Photograph. A true and correct copy of the web edition of the article is attached here to as Exhibit B.

10.    Sadowski is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

11.    The Photograph was registered with Copyright Office and was given Copyright Registration Number VA 1-989-742, effective December 31, 2015.

**B.    Defendant's Infringing Activities**

12.    Upon information and belief, on or about July 11, 2015, Paper ran an article on the Website entitled *Azealia Banks Bit a Security Guard's Breast Last Night* (http://www.papermag.com/azealia-banks-biting-security-guard-nyc-1513432447.html). The article prominently featured the Photograph. A true a correct copy of the article is attached hereto as Exhibit C.

13.    Paper did not license the Photograph from Plaintiff for use on its article, nor did Paper have plaintiff's permission or consent to publish the Photograph on its Website.

**CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST PAPER)**
**(17 U.S.C. §§ 106, 501)**

14.    Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15.    Paper infringed Plaintiff's copyright in the Photograph by reproducing and publically displaying the Photograph in an article on the Website.  Paper is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

16.     The acts of Defendant complained of herein constitute infringement of Plaintiff's copyrights and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17.     Upon information and belief, the foregoing acts of infringement by Paper have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

18.     As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for each infringement.

19.     Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

20.     Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

21.     Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.      That Defendant Paper be adjudged to have infringed upon Plaintiff's copyright in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2.      Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

3.    That Defendant be required to account for all profits, income, receipts, or other

      benefits derived by Defendant as a result of its unlawful conduct;

4.    That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to

      17 U.S.C. § 505;

5.    That Plaintiff be awarded pre-judgment interest; and

6.    Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal

Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
      April 11, 2016

LIEBOWITZ LAW FIRM, PLLC
By: _Richard Liebowitz_
     Richard P. Liebowitz
11 Sunrise Plaza, Suite 301
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorney for Plaintiff Christopher Sadowski*